# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
D. BRIAN BOGGESS, BAR NO. 4537.

No. 75883

FILED

SEP 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK



## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney D. Brian Boggess. Under this agreement, Boggess admitted to violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), and RPC 3.2 (expediting litigation). The agreement provides for a two-year suspension, stayed for one year on the condition that Boggess continue his probation from a previous discipline case, comply with other specified conditions during the stayed suspension, and pay $2,500 in fees plus the actual costs of the disciplinary proceedings.

Boggess has admitted to the facts supporting these violations. The record therefore establishes that Boggess failed to diligently pursue a client's claims by failing to file a complaint in one case and causing another of the client's cases to be administratively closed. Further, Boggess failed to adequately communicate with his client despite her repeated attempts to contact him by phone, email, and in person.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Boggess violated duties owed to his

SUPREME COURT
OF
NEVADA

(O) 1947A

18-35041

client by not acting with reasonable diligence and promptness in representing her. Boggess' mental state was knowing as he knew his ongoing failure to advance his client's cases could cause her injury, although he lacked any intent to harm her. Boggess' conduct resulted in actual injury to the client because her cases were unreasonably delayed and because her inability to communicate with Boggess caused her aggravation and worry. There is also the potential for further injury as the client's case is at risk of dismissal for being filed beyond the statute of limitations and not timely served, and the delays may create difficulty in the client proving her claims. The panel adopted the parties' agreed-upon aggravating factors (prior disciplinary history and substantial experience in the practice of the law) and mitigating factors (absence of dishonest or selfish motive, personal or emotional problems, full and free disclosure to the disciplinary authority or cooperative attitude, and remorse).

The baseline sanction for the misconduct at issue, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when an attorney "knowingly fails to perform services for a client and causes injury or potential injury to a client" or "engages in a pattern of neglect and causes injury or potential injury to a client"). In light of the foregoing, we conclude that the agreed-upon two-year suspension, stayed for one year, is appropriate. The stayed suspension along with the conditions imposed during the stay are sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR

(O) 1947A

113(1) ("The tendered plea is subject to final approval or rejection by the supreme court if the stated form of discipline includes disbarment or suspension.").

Accordingly, we hereby suspend attorney D. Brian Boggess from the practice of law in Nevada for two years, commencing from the date of this order. That suspension is stayed for one year, subject to Boggess' compliance with the following conditions:

- The probation resulting from *In re Discipline of Boggess*, Docket No. 69152 (Order Approving Conditional Guilty Plea Agreement, Jan. 22, 2016) shall continue. In particular, Boggess shall complete the mandated audit of his account, and pay any individuals who have suffered a financial loss. Additionally, Boggess is to provide itemized statements for his trust account to the State Bar. If Boggess fails to pay any outstanding restitution identified by the audit, he will be in violation of this order and imposition of the stayed suspension will result.

- Boggess shall remain free from any violations of the Rules of Professional Conduct during his stayed suspension period. If Boggess is alleged to have committed a violation of the Rules of Professional Conduct during the stayed suspension, then that matter shall be handled in accordance with the procedures established in SCR 105.

  - If a screening panel recommends that the matter proceed to a formal hearing then the parties shall make all reasonable attempts to reconvene the hearing panel that heard this case to review the new allegations at the same time as they review Boggess for possible revocation.

  - If the original hearing panel is not available, then the parties shall stipulate to the placement of an ad hoc panel member



subject to the parties peremptory objections pursuant to SCR 105(2)(a).

- If Boggess completes the required audit of his trust account and pays all restitution identified by the audit, he may request early termination of his suspension, if he is in compliance with all other terms.

Boggess is further ordered to pay administrative costs in the amount of $2,500 plus the costs associated with the disciplinary proceedings within thirty days from the date of this order, if he has not already done so. The parties shall comply with SCR 115 and SCR 121.1.[1]

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                        Gibbons

_____, J.          _____, J.
Pickering                     Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

cc:  Chair, Southern Nevada Disciplinary Panel
     Boggess & Harker
     Bar Counsel, State Bar of Nevada
     Kimberly K. Farmer, Executive Director, State Bar of Nevada
     Perry Thompson, Admissions Office, U.S. Supreme Court

---

[1]In addition to the notices and disclosures required by SCR 121.1, the Bar shall send a copy of this order to any other state bar wherein Boggess is licensed to practice law.

